STATE, *ex rel.* MONROE COUNTY, *et al.,* v. J. M. LEE, as Comptroller.

171 So.· 524.
Opinion Filed December 23, 1936.
·Rehearing Denied December 28, 1936.

*Arthur Gomez,* for Relators;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Respondent.

DAVIS, J.—Chapter 17459, Acts 1935, Laws of Florida, provides that in all cases where lands have been acquired by the duly constituted authorities of this State for public road purposes, against which there shall be outstanding any tax lien held and owned by the State of Florida, such tax lien, or part thereof, shall be cancelled by the State Comptroller upon presentation to him of a certified copy of resolution from the County Commissioners of the affected county requesting the same.

It appears by the alternative writ of mandamus issued herein that Monroe County, one of the relators, by authority of Chapter 10118, Acts 1925, as amended by Chapter

17363, Acts 1935, is authorized and empowered to furnish to the State Road Department necessary rights of way for State roads in or through said county. Overseas Road and Toll Bridge District is a special district created by Chapter 16598, Acts 1933, for the purpose of acquiring, constructing, maintaining and operating a public road and toll bridge in Monroe County.

The Overseas Road and Toll Bridge District acting as a public corporation for public purposes, has contracted to purchase from the Federal Court Receivers of the Florida East Coast Railway the right of way of said railway extending approximately 45 miles between Florida City on the mainland, and Key West, whereas the State Road Department, the County of Monroe, and the City of Key West, as an incident to the toll bridge proposed to be consummated through the agency of said Overseas Road and Toll Bridge District, have arranged to purchase from the Receivers the remainder of the said railroad right of way extending as aforesaid, the total right of way involved being approximately 150 miles in all.

This case is to be distinguished from the holding in State, *ex rel.* Massie, v. Lee, 123 Fla. 720, 167 Sou. Rep. 530, in that here the contract with the railroad company receivers vests an equitable title in relators and has been entered into for a gross consideration that contemplates the payment *with public funds* of the amount of all outstanding taxes on the railroad property proposed to be purchased, *as part of the consideration* constituting the total purchase price payable out of public funds, whereas in the Massie case just cited, the contract involved had already been entered into with Massie long prior to the enactment of the statute, and therefore the cancellation, if made, was entirely for the benefit of the delinquent taxpayer, and not the public.

So the proposition here is whether or not the County of Monroe, the State Road Department and Overseas Road and Toll Bridge District as existing equitable owners of the aggregate railroad right of way contracted to be purchased from the Railroad Company's receivers with public funds for a purchase price that will involve the use of such public funds to pay the outstanding taxes *as part of the purchase price,* are entitled to claim the benefit of Chapter 17459, Acts 1935, it appearing that no individual taxpayer nor holder of Monroe County securities claiming to be unjustly prejudiced has interposed any objection to the cancellation of the taxes as sought.

We think that the relators have shown such an equitable ownership of the right of way lands involved in this proceeding, derived from the particular contract of purchase set up and relied on, as to entitle them to claim the benefit of the statutory right of cancellation of taxes as prayed for under Chapter 17459, *supra,* and that therefore the motion to quash the alternative writ of mandamus should be overruled, with leave to the Comptroller to file further return within five days, if advised, in default of which a peremptory writ shall issue.

Ordered accordingly.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.